IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RUDOLFO VILLARREAL                                                                                            PLAINTIFF
Reg. #24422-045

v.                                       2:18CV00148-KGB-JJV

ARTURO C. RENDON, Counselor,
Ozark Unit, US Federal Bureau of Prisons; *et al.*                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Rudolfo Villarreal ("Plaintiff") is a prisoner in the Federal Prison Camp located in Forrest City, Arkansas ("FCI-FC"). He has filed a *pro se* Complaint alleging Defendants violated his constitutional rights, as protected by *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. No. 1.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failing to state a claim upon which relief may be granted.

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III.   ANALYSIS**

Plaintiff alleges that, in 2018, Defendant Counselor Arturo C. Rendon violated his constitutional rights, in several respects, and that Defendants Administrator Amy Boulware and Case Manager J. Hawkins failed to take corrective action after reading his grievances challenging Mr. Rendon's conduct. (Doc. No. 1.) As I previously advised Plaintiff in my November 8, 2018 Order, the Complaint fails to state a claim upon which relief may be granted for several reasons. (Doc. No. 4.)

First, Plaintiff makes the conclusory statement that Defendant Rendon violated his Fourth, Sixth, and Eighth Amendment rights, without any factual or legal explanation. (Doc. No. 1 at 4.) "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable constitutional claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

face." *Id.* Plaintiff has not done so as to his Fourth, Sixth, and Eighth Amendment claims.

Plaintiff also alleges Defendant Rendon verbally harassed him and used crude language. However, rudeness, verbal threats, and name calling, although clearly unprofessional, do not rise to the level of a constitutional violation. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

According to Plaintiff, Defendant Rendon infringed his First Amendment right to access the courts by seizing and destroying his unspecified legal materials. To state a viable access to the court claim, a prisoner must plead facts demonstrating he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). Plaintiff has not explained what type of legal action he was pursuing, whether he had counsel in that proceeding, what legal papers were seized or destroyed, and how he was actually harmed by the alleged seizure or destruction of his documents.

Plaintiff also makes the conclusory statement, without any supporting facts, that Defendant Rendon showed "a great deal of racist prejudice toward [me] and toward African-American prisoners." (Doc. No. 1 at 3). To plead a viable equal protection claim under the Fifth Amendment, a plaintiff must explain how he was intentionally treated differently than similarly situated inmates and how that different treatment was based upon either a suspect classification or fundamental right. *See Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). The Complaint does not explain how Defendant

Rendon intentionally treated Plaintiff differently than similarly situated prisoners due to his race.

Plaintiff alleges Defendant Rendon violated his First Amendment rights by retaliating against him for filing grievances. To proceed with that claim, Plaintiff provide facts suggesting: (1) he engaged in protected activity; (2) Defendant Rendon took adverse action against him "that would chill a person of ordinary firmness" from engaging in that activity; and (3) retaliation was the actual motivating factor for the adverse action. *See In re Kemp,* 894 F.3d 900, 906 (8th Cir. 2018); *Lewis v. Jacks,* 486 F.3d 1026, 1028 (8th Cir. 2007). Filing grievances is a protected activity. *Lewis,* 486 F.3d at 1029. However, Plaintiff has not pled any facts satisfying the other two required elements of a retaliation claim.

Finally, throughout his Complaint, Plaintiff alleges Defendant Rendon violated the constitutional rights of other inmates. But, he cannot bring claims on behalf of other prisoners. *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996).

Importantly, I pointed out these deficiencies to Plaintiff in my November 8, 2018 Order, gave him thirty (30) days to file an Amended Complaint, and cautioned him that I would recommend dismissal if he failed to timely and properly do so. (Doc. No. 4.) Plaintiff has not done so in the time allowed. Therefore, I recommend his Complaint be dismissed for failing to state a claim upon which relief may be granted.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

    2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 12th day of December 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."